BLUMENTHAL v. STANCLIFF.

(Supreme Court, Appellate Term. May 16, 1907.)

APPEAL—BRIEFS—REQUISITES—RULES OF COURT.

The brief of appellant, which does not comply. with the rules requiring that, where quotations are made from the testimony, reference shall be made to the pages of the minutes where the matter quoted can be found, will be disregarded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3095.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Ben Blumenthal, doing business under the name of the West End Automobile Palace, against Edwin Stancliff. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

George M. Osgoodby, for appellant.
Eugene Blumenthal, for respondent.

SEABURY, J. This is an action to recover for services and materials rendered and furnished upon an automobile at the request of the defendant. The brief submitted by the appellant upon this appeal is not in compliance with the rule of this court which requires that, where quotations are made from the testimony, reference shall be made to the pages of the minutes where the matter quoted can be found. This rule was adopted to be observed, and in the future will be strictly enforced. The appellant's brief is so clear a violation of this rule that we would feel justified in disregarding it altogether. As the rule is of recent adoption, we have not followed this course in this case, but have considered the points urged. In the future there can be no excuse for disregarding the provisions of this rule.

The question litigated upon the trial related to whether or not the repairs made were to be included in the purchase price of the automobile. This was simply a question of fact, and the trial justice determined that these items were not included in the purchase price. A review of the testimony discloses no. reason for disturbing the judgment below.

Judgment affirmed, with costs. All concur.